**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **QUADIR SHAHHID TAYLOR,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SUPERINTENDENT KATHY BRITTAIN,** | : | |
| *et al.*, | : | **NO. 23-cv-00647** |
| *Respondents*. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                          **APRIL 23, 2026**

On July 7, 2025, Magistrate Judge Scott W. Reid filed a thorough Report and Recommendation, recommending that Petitioner Quadir Shahhid Taylor's habeas petition be denied. *See* ECF No. 7. Petitioner filed Objections to the Report and Recommendation on July 21, 2025. *See* ECF No. 8. For the reasons set forth below, the Court will overrule Petitioner's objections, approve and adopt the Report and Recommendation, and deny Petitioner's habeas petition.

**I.     DISCUSSION**

   **A. Petitioner's Objections Are Overruled**

Magistrate Judge Reid recommended that Petitioner's sufficiency of the evidence claim be denied because Petitioner failed to demonstrate that "there was insufficient evidence adduced at trial to support his conviction for second-degree murder." ECF No. 7 at 8. In his objections, Petitioner mainly repeats his arguments that the evidence was insufficient to prove that the victim's heart attack was caused by Petitioner's and his co-conspirators' conduct. *See* ECF No. 8 at 3. In addition, Petitioner contends that the victim's death, which occurred approximately two months after Petitioner robbed her home, was "too attenuated" from the robbery to support causation. *Id.*

When a party objects to a report and recommendation by a magistrate judge, a district court conducts a *de novo* review of the portions of the report and recommendation to which there are objections. *See* 28 U.S.C. § 636(b)(1). However, "[w]here a petitioner's objections merely rehash[] and reframe[] the underlying arguments set forth in their original petition, a court is not obligated to separately address any issue that was thoroughly and correctly analyzed by the magistrate judge." *Banks v. Sorber*, No. 21-cv-2579, 2024 WL 843884, at *1 n.1 (E.D. Pa. Feb. 27, 2024) (citation omitted); *see also Thomaston v. Dist. Att'y of Phila.*, No. 10-cv-957, 2012 WL 252784, at *1 n.1 (E.D. Pa. Jan. 25, 2012) (same); Loc. R. Civ. P. 72.1(IV)(b) ("Objections must specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections."). With respect to his sufficiency of the evidence claim, Petitioner restates several arguments already raised, rather than specifically identifying portions of the Report and Recommendation to which he objects, so the Court is not obligated to conduct a *de novo* review. *See Banks*, 2024 WL 843884, at *1 n.1. Nevertheless, the Court addresses Petitioner's objections and adds the following to Magistrate Judge Reid's thorough and accurate analysis.

"When a petitioner alleges entitlement to habeas relief by challenging the sufficiency of the evidence supporting his state court conviction," courts turn to the *Jackson* standard, under which "'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Travillion v. Superintendent Rockview SCI*, 982 F.3d 896, 902 (3d Cir. 2020) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). A conviction that does not satisfy the *Jackson* standard violates a petitioner's due process rights. *Id.* The *Jackson* standard is demanding, and a federal habeas court may only "overturn a state court decision rejecting a

2

sufficiency of the evidence challenge" if the "decision was objectively unreasonable." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam) (internal quotations and citation omitted); *see also Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam) ("[A] federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court.").

Petitioner objected to the sufficiency of the evidence for his second-degree murder conviction, arguing that the evidence adduced at trial did not satisfy the element of causation. *See* ECF No. 8 at 3. This Court will not disturb the state court's decision to deny Petitioner's sufficiency of the evidence challenge regarding his second-degree murder conviction because the decision was not "objectively unreasonable." *Coleman*, 566 U.S. at 651. During Petitioner's trial, Petitioner and the Commonwealth both presented multiple expert witnesses that testified regarding the victim's cause of death. *See* ECF No. 7 at 3–4; *see also Commonwealth v. Taylor*, No. 1712 EDA 2017, 2018 WL 4958588, at *4 (Pa. Super. Ct. Oct. 15, 2018). The jury, "sitting as factfinder[,]" weighed the competing evidence in coming to its verdict, including the experts' opinions on causation, and the jury ultimately decided to credit the prosecution's theory. *Id.*

As the United States Supreme Court has explained, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial." *Cavazos*, 565 U.S. at 2. Moreover, it is not this Court's role to "substitute[] its judgment for that" of the jury's "on the question [of] whether the prosecution's or the defense's expert witnesses more persuasively explained the cause of a death." *Id.*; *see also id.* at 7–8 (explaining that where "[t]he jury was presented with competing views of how [a baby] died" and came to a verdict, it was not the role of federal habeas courts to reweigh the facts and determine whether the prosecution's theory at trial was correct because "[t]he jury decided that question"); *Jackson*, 443 U.S. at 326

3

("[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."); *United States v. Pritchard*, 964 F.3d 513, 521–22 (6th Cir. 2020) (explaining that "the jury found an unbroken chain of causation between the fire and [victim's] heart attack" amidst competing evidence, and it should not be disturbed); *Magraw v. Roden*, 743 F.3d 1, 5–6 (1st Cir. 2014) ("[T]he jury had to choose between the conflicting views of each side's expert witnesses, and its verdict indicates that it chose to believe the [prosecution's] experts"; "there [was] nothing unreasonable about what the jurors did here").

Here, Petitioner has not demonstrated that "*no* rational trier of fact could have agreed with the jury." *Cavazos*, 565 U.S. at 2 (emphasis added).  Accordingly, Petitioner failed to meet the *Jackson* standard, and the Court will overrule Petitioner's objections to that portion of the Report and Recommendation pertaining to his sufficiency of the evidence claim.[1]

### B.  A Certificate of Appealability Is Denied

In addition, the Court must determine whether to grant Petitioner a certificate of appealability.  "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."  28 U.S.C. § 2253(c)(1)(A).  A certificate may issue "only if the applicant has made a substantial showing of

---

[1] The Court also notes that Petitioner was sentenced to life imprisonment without parole in connection with his conviction for second-degree murder. *See Taylor*, 2018 WL 4958588, at *1; *see also* ECF No. 7 at 1.  The Supreme Court of Pennsylvania recently held that "a mandatory life without parole sentence for all felony murder convictions, absent an assessment of culpability, is inconsistent with" Pennsylvania's "'cruel punishments' clause." *Commonwealth v. Lee*, No. 3 WAP 2024, 2026 WL 855614, at *1 (Pa. Mar. 26, 2026) (Table).  The Court does not address the impact, if any, this decision may have on Petitioner's case because the issue was not raised in his habeas petition.

the denial of a constitutional right." *Id.* § 2253(c)(2).  A petitioner can satisfy this standard by showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Petitioner has not made such a showing, and reasonable jurists would not disagree with the Court's resolution of his habeas petition.  Accordingly, the Court declines to issue a certificate of appealability.

## II.    CONCLUSION

For the foregoing reasons, Petitioner's Objections to the Report and Recommendation (ECF No. 8) are overruled.  The Court will approve and adopt the Report and Recommendation (ECF No. 7), and deny Petitioner's habeas petition (ECF No. 1).  No certificate of appealability shall issue.  An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

CHAD F. KENNEY, JUDGE